UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:12-CV-760-BO

| ANTHONY B. FAIRLEY, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, | ) |
| Defendant. | ) |

This matter is before the Court on the defendant's motions to dismiss [DE 4 & 8]. The defendant's first motion to dismiss alleged that it had not been properly served. The defendant's second motion to dismiss alleged that the plaintiff's case should be dismissed for failure to state a claim. In its second motion to dismiss, the defendant conceded that it had been served the summons and a copy of the complaint on January 11, 2013. As such, the first motion to dismiss is DISMISSED as MOOT. The defendant's second motion to dismiss is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiff filed this complaint on November 21, 2012. The defendant has alleged discrimination in violation of Title VII of the Civil Rights Act of 1964. Specifically, the plaintiff alleged that he was forced to work under adverse conditions, that he was denied promotions, and that he was finally terminated from his job and replaced by a "white male person with less experience and less education." The plaintiff has filed fourteen charges of discrimination with the Equal Employment Opportunity Commission (EEOC). Those charges are numbered as

1

follows: (1) 433-2010-01259; (2) 433-2010-01725; (3) 433-2011-00260; (4) 433-2011-00994; (5) 433-2011-01190; (6) 433-2011-02851; (7) 433-2011-03085; (8) 846-2009-15891; (9) 433-2010-02926; (10) 433-2011-01429; (11) 433-2010-02202; (12) 433-2010-02190; (13) 433-2011-01116; and (14) 433-2011-02008. The defendant has filed a motion to dismiss alleging various defects in the plaintiff's charges of discrimination and asking that the Court dismiss the plaintiff's case for failure to state a claim upon which relief might be granted. After reviewing the charges of discrimination, the Court grants the defendant's motion with respect to seven of the charges of discrimination and denies the defendant's motion with respect to seven of the charges of discrimination.

## DISCUSSION

A court's ruling on a motion to dismiss addresses whether a claim for relief has been stated. A complaint will survive a motion to dismiss only if it "states a plausible claim for relief" supported by well-pleaded facts that permit the court "to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such facts must "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to state a facially plausible claim, a plaintiff must do more than simply plead facts that are consisted with defendant's liability or merely restate the elements of a cause of action. *Iqbal*, 556 U.S., at 678. The facts pleaded by the plaintiff must allow the court to draw a reasonable inference that the defendant is actually liable for the misconduct alleged. *Id.* In drawing such inferences, the court should view the complaint in the light most favorable to the plaintiff and should accept well-pleaded allegations as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the Court will not consider "bare assertions" that are not supported by well-pleaded facts. *Nemet Chevrolet, Ltd. v. consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Viewing this complaint in the light most favorable to the plaintiff, and accepting the well-pleaded facts as true, the Court finds that the plaintiff's allegations pertaining to seven of the charges of discrimination included in his complaint do not state a claim upon which relief might be granted. As such, it is proper to dismiss the plaintiff's claims arising from those charges of discrimination as failing to state a claim pursuant to Rule 12(b)(6). The Court considers each of the charges of discrimination in turn.

I. CHARGE OF DISCRIMINATION NUMBERED 846-2009-15891.

The doctrines of claim preclusion and issue preclusion prohibit the litigation of a claim that has previously been litigated in this court. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955). The above-referenced charge of discrimination was previously litigated in front of United States District Judge Louise Flanagan. That matter was styled *Anthony Fairley v. NC Department of Transportation*, 5:09-CV-406-FL. In that case Judge Flanagan ultimately granted summary judgment in favor of the defendant. As such, this claim is properly dismissed.

II. CHARGE OF DISCRIMINATION NUMBERED 433-2010-02926.

42 U.S.C. § 2000e-5(f)(1) (2011) provides plaintiffs 90 days from the date they receive a right to sue notice from the EEOC to file suit. Where the plaintiff does not adhere to this 90-day time limit the court has no jurisdiction over his claims. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). The EEOC issued a right to sue letter on March 16, 2011. Because this lawsuit was not filed until April 26, 2012 the plaintiff did not file within the 90-day time limit. As such, the Court does not have jurisdiction over this claim and it is properly dismissed.

III. CHARGE OF DISCRIMINATION NUMBERED 433-2011-01429.

The EEOC issued a right to sue letter on May 27, 2011. As stated above, a plaintiff has 90 days in which to file a lawsuit after receiving a right to sue notice from the EEOC. Because

this lawsuit was not filed until April 26, 2012 the plaintiff did not file within the 90-day time limit. As such, the Court does not have jurisdiction over this claim and it is properly dismissed.

IV. CHARGES OF DISCRIMINATION NUMBERED 433-2010-022202; 433-2010-002190; 433-2011-01116; 433-2011-02008.

A plaintiff's failure to exhaust his administrative remedies by presenting his claims to the EEOC before filing a federal lawsuit deprives the federal district court of subject matter jurisdiction over the claims not presented to the agency. *See Davis v. North Carolina Dep't of Correction*, 48 F.3d 134, 138–40 (4th Cir. 1995). Further, as a prerequisite to federal jurisdiction, plaintiffs must obtain, or at least be entitled to, a notice of their right to sue from the EEOC. *See Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091 (4th Cir. 1982). The plaintiff did not file or perfect charges of discrimination under these file numbers and neither received, nor was entitled to receive a notice of his right to sue from the EEOC. As such, this Court lacks subject matter jurisdiction to consider them and these claims are properly dismissed.

V. THE REMAINING CHARGES OF DISCRIMINATION.

After reviewing the seven remaining charges of discrimination, the Court finds that the defendant is not entitled to a dismissal of the plaintiff's claims arising from those charges. Pursuant to the standard set forth in *Iqbal* and *Twombly* the plaintiff has at least presented a case arising from these remaining charges that is facially plausible. As such, it is proper to deny the defendant's motion to dismiss with respect to the claims arising from these seven charges of discrimination.

4

Case 5:12-cv-00760-BO   Document 9   Filed 06/20/13   Page 4 of 5

## CONCLUSION

For the foregoing reasons, the defendant's first motion to dismiss is DISMISSED AS MOOT. The defendant's second motion to dismiss is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

This the 19 day of June, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE