IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-760-BO

ANTHONY B. FAIRLEY,　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　　　　)
NORTH CAROLINA DEPARTMENT　　)
OF TRANSPORTATION,　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　)

This matter is before the Court on defendant's motion to strike plaintiff's response to defendant's motion for summary judgment [DE 16] and plaintiff's motion to retroactively extend the filing time to respond to defendant's motion [DE 17]. For the reasons stated herein, defendant's motion is DENIED and plaintiff's motion is GRANTED.

Defendant filed a summary judgment motion on March 31, 2014. [DE 14]. Accordingly, plaintiff's response was due by April 24, 2014. Plaintiff did not file his response until June 20, 2014. After the filing time has expired, extensions of time can only be granted "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). When evaluating excusable neglect, a court considers "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Gaskins v. BFI Waste Services*, 281 F.App'x 255, 260 (4th Cir. 2008) (per curiam) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Td. P'ship*, 507 U.S. 380, 395 (1993).

After considering the relevant factors, the Court finds the neglect in this case excusable. The delay is neither lengthy, nor does it prejudice defendants. Counsel was inattentive, but did not act in bad faith. Accordingly, defendant's motion to strike [DE 16] is DENIED and

plaintiff's motion to retroactively enlarge the filing time to respond to the summary judgment motion [DE 17] is GRANTED.

SO ORDERED.

This the 3 day of October, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE