IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-760-BO

| | | |
|---|---|---|
| ANTHONY B. FAIRLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for summary judgment, to which plaintiff has responded in opposition. [DE 14, 15]. For the reasons stated herein, defendant's motion is GRANTED.

## BACKGROUND

Plaintiff Anthony B. Fairley filed this complaint on November 21, 2012, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII). Specifically, Mr. Fairley alleges that he was forced to work under adverse conditions as an employee of the North Carolina Department of Transportation (NCDOT), that he was denied promotions, and that he was finally terminated from his job and replaced by a "white male person with less experience and less education." Mr. Fairley originally filed fourteen charges of discrimination with the Equal Employment Opportunity Commission (EEOC). In an Order dated June 20, 2013, this Court dismissed seven of the original fourteen charges. The remaining charges are numbered as follows: (1) 433-2010-01259, (2) 433-2010-01725, (3) 433-2011-00260, (4) 433-2011-00994, (5) 433-2011-01190, (6) 433-2011-02851, (7) 433-2011-03085. Defendant NCDOT now files a motion for summary judgment arguing that any adverse employment action taken against Mr. Fairley resulted from job performance issues.

DISCUSSION

NCDOT seeks entry of summary judgment in its favor on plaintiff's claim that NCDOT violated Title VII. Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 248 (1986); *Cox*, 249 F.3d at 299. In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

In Title VII claims, there are two avenues through which a plaintiff may avoid summary judgment. First, a plaintiff may survive a summary judgment motion by presenting direct or circumstantial evidence that discrimination motivated the employer's adverse employment decision. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). "The second method of averting summary judgment is to proceed under a 'pretext' framework, under which the employee, after establishing a prima face case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Id.* at 285 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973)). Mr. Fairley has not presented any direct evidence that discrimination motivated NCDOT's adverse employment decision, thus the Court addresses plaintiff's claims under the pretext framework.

2

At the outset, the Court notes that plaintiff's complaint did not specifically allege the nature of the Title VII violations. Based on the facts presented, the Court interprets the complaint as asserting Title VII discrimination, hostile work environment, and retaliation claims. The scope of a discrimination lawsuit is limited to the scope of a plaintiff's discrimination charge as investigated by the EEOC or appropriate deferral agency. *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). "If the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Chacko v. Patuxent Institution,* 429 F.3d 505, 509 (4th Cir. 2005). While courts typically construe the administrative charges liberally, "a claim will typically be barred if the administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits." *Id.*

In its June 2013 Order, the Court dismissed seven of plaintiff's claims, leaving only those covered by discrimination charge numbers 433-2010-01259, 433-2010-01725, 433-2011-0260, 433-2011-00994, 433-2011-01190, 433-2011-02851, 433-2011-03085. These seven remaining discrimination charges all cover alleged acts of retaliation. None of these charges reference any race discrimination or alleged acts of hostile work environment in violation of Title VII, nor do they reference plaintiff's employment termination, development of plantar fasciitis, or alleged retaliation by the DOT because plaintiff filed a worker's compensation case in May 2011. Accordingly, to the extent that Mr. Fairley alleged any race discrimination or hostile work environment claims, those claims are not before this Court.[1] *See Jones v. Calvert Group, Ltd.,*

---

[1] The Court also notes that plaintiff's response in opposition to defendant's motion to dismiss [DE15] solely discusses retaliation as a basis for plaintiff's claims.

3

551 F.3d 297, 300 (2009) (noting that a discrimination charge covering a claim is necessary for a federal court to have jurisdiction over that claim).

To succeed on a Title VII retaliation claim, a plaintiff must show that (1) he engaged in a protected activity; (2) the employer took an adverse action against him; and (3) there is a causal relationship between the protected activity and the employer's adverse action. *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). Under Title VII, protected activities include either opposing an act of discrimination made unlawful by Title VII or participating in an investigation under Title VII. *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of a plaintiff's employment. *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). To prove retaliation under Title VII, a plaintiff must establish that the adverse action would not have occurred but for the protected activity. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013). If plaintiff makes out a prima facie claim, the evidentiary burden of production then shifts to defendant to articulate legitimate, non-retaliatory reasons for its actions. If it does, plaintiff must then show by a preponderance of the evidence that those reasons were, in fact, pretextual. *Price*, 380 F.3d at 212.

It is uncontested that Mr. Fairley engaged in protected activity prior to filing each of the seven EEOC discrimination charges before the Court. Plaintiff identifies defendant's disciplinary actions and ultimate termination as materially adverse in his complaint. To meet the third prong of his claim, however, Mr. Fairley must prove "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr.*, 133 S.Ct. at 2533. Plaintiff must show that the alleged desire to retaliate was more

4

than just a "motivating factor" in the employer's adverse decision. *Id.* at 2528–30. This Mr. Fairley cannot do.

The materials filed in support of the NCDOT's summary judgment motion establish that all of the warnings and action plans were issued after documented incidents of conduct and job performance problems by plaintiff, and the decision to put plaintiff on investigatory placement on July 8, 2011, was made to investigate allegations of misconduct by plaintiff that same day. NCDOT has put forth evidence that there were legitimate, non-discriminatory reasons for all the actions referenced by plaintiff in the discrimination charges now before the Court. Mr. Fairley has put forth no evidence to demonstrate that NCDOT's reasons for any adverse employment action were pretextual. Mr. Fairley merely relies on his prior deposition testimony in which he stated that he felt he was being discriminated against because he was black. His blanket denial that his conduct fell into any of the categories NCDOT put forth as reasons for termination and discipline does not rise to the level of proof by a preponderance of the evidence. Accordingly, Mr. Fairley fails to establish a prima facie causal link between the protected activity and the adverse employment action. Summary judgment for defendant is therefore warranted.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [DE 14] is GRANTED. The Clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this **27** day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE